

FILED by **MM** D.C.

**Aug 17, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**22-60176-CR-SMITH/VALLE**

CASE NO. _____

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

HERBERT EMILE,

        **Defendant.**

_____/

## INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times material to this Information:

### Definitions

*The Defendant and Related Entities*

1.    The Defendant **HERBERT EMILE** was a resident of Brevard County, in the Middle District of Florida.

2.    **HERBERT EMILE** was listed as either the registered agent or officer in the following Florida Corporations, among several others, located in Brevard County, and elsewhere:

    a.  Express Tax 1 Services LLC ("Express Tax 1"); and

    b.  Consultant & Advertising Services, Inc ("C&A").

3.     The following Florida Corporations were located in Broward County, within the Southern District of Florida:

   a.   Company 1 was located in Sunrise;

   b.   Company 2 was located in Lauderdale Lakes;

   c.   Company 3 was located in Fort Lauderdale;

   d.   Company 4 was located in Lauderhill; and

   e.   Williams Consulting LLC, was located in Tamarac.

*The Small Business Administration*

4.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

5.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

6.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and was designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID- 19 pandemic.

7.     One source of relief that the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest,

rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

8.      The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

9.      The amount of a PPP loan that a small business was entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

10.      To obtain a PPP loan, a qualifying business was required to submit a PPP loan application which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

11.      A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds.

While a participating lender issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by a wire transfer by the lender to the SBA in the course of processing the loan.

*The Economic Injury Disaster Loan Program*

12.    The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

*Relevant Financial Institutions and Payment Processors*

13.    Bank 1 was a financial institution based in Salt Lake City, Utah. Bank 1's servers were located outside of Florida.

14.    Bank 2 was a financial institution headquartered in Fort Lee, New Jersey. Bank 2's servers were located outside of Florida.

15.    Bank 3 was a financial institution headquartered in Cherry Hill, New Jersey. Bank 3's servers were located outside of Florida.

16.    Bank 4 was a financial institution headquartered in Charlotte, North Carolina. Bank 4's servers were located outside of Florida.

17.    Bank 5 was a financial institution headquartered in Pittsburgh, Pennsylvania. Bank 5's servers were located outside of Florida.

18.    Lender 1 was headquartered in Atlanta, Georgia and was authorized to lend funds to eligible borrowers under the terms of the PPP. Lender 1's servers were located outside of Florida.

### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1.    The General Allegations section of this Information is hereby re-alleged and incorporated as though fully set forth herein.

2.    From in or around May 2020, and continuing through in or around August, 2020, in Broward, Orange, Osceola, and Brevard Counties, in the Southern and Middle Districts of Florida, and elsewhere, the defendant,

### HERBERT EMILE,

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the United States Attorney to commit certain offenses against the United States, that is to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE CONSPIRACY

3.    It was the purpose of the conspiracy for the defendant and his co-conspirators

to unlawfully enrich themselves and others, by, among other things: (1) creating false and fraudulent documents, including payroll records and tax documents; (2) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDL and PPP loans; and (3) offering, paying, and receiving kickbacks in return for causing the submission of false and fraudulent loan applications.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of this conspiracy included, among other things, the following:

4.      **HERBERT EMILE** submitted, and caused to be submitted, through interstate wires, approximately ninety-five (95) false and fraudulent PPP and EIDL loan applications for business entities owned by himself, including Express Tax 1, and business entities owned by co-conspirators in the Southern District of Florida and elsewhere, in order to obtain false and fraudulent PPP loans. The false and fraudulent loans submitted, and caused to be submitted, by **HERBERT EMILE** were sent via electronic wire from the State of Florida to Banks 1, 2, 3, 4, and 5, and Lender 1, to and through their servers, located outside of the State of Florida.

5.      The approximately ninety-five (95) false and fraudulent PPP loan applications submitted, or caused to be submitted, by **HERBERT EMILE**, including the applications for Companies 1, 2, 3, and 4, and Williams Consulting, included false and fraudulent tax documents. The PPP loan applications also and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll,

among other false and fraudulent misrepresentations.

6.      As a result of the false and fraudulent PPP loan applications filed by **HERBERT EMILE**, Banks 1, 2, 3, 4, and 5, and Lender 1, through their servers, issued loan payments to businesses located in the state of Florida, including loan payments for Companies 1, 2, 3, and 4, and Williams Consulting, located in the Southern District of Florida.

7.      Once the false and fraudulent loans were dispersed, **HERBERT EMILE** and his co-conspirators used the funds for their personal use and benefit, the use and benefit of others, and to further the conspiracy.  For example, **EMILE** received a kick-back equaling approximately 10% of each loan he filed, typically remitted to his company C&A, which he used for his personal benefit, the benefit of others, and to further the conspiracy. In total, the loans filed by **EMILE** requested over $24 million in CARES Act relief.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **HERBERT EMILE**, has an interest.

2.      Upon conviction of the violation of Title 18, United States Code, Section 1349 as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BROOKE WATSON
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

**v.**

HERBERT EMILE,

_____/

**CASE NO.:**

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami  ☐ Key West  ☐ FTP
- ☑ FTL  ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect:

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☑ 0 to  5 days               ☐ Petty
   II   ☐ 6 to 10 days               ☐ Minor
   III  ☐ 11 to 20 days              ☐ Misdemeanor
   IV   ☐ 21 to 60 days              ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge                              Case No.

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No.

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)
   If yes, Judge                              Case No. Please See Attached

9. Defendant(s) in federal custody as of

10. Defendant(s) in state custody as of

11. Rule 20 from the           District of

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

By: _____

Brooke Watson
Assistant United States Attorney
Court ID No.   A5501844

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

UNITED STATES OF AMERICA

vs.

HERBERT EMILE,

          **Defendant.**

_____/

## ADDENDUM TO THE CERTIFICATE OF TRIAL ATTORNEY
## LIST OF RELATED CASES

1. United States v. Hasan Hakim Brown, Jean Renald Fleuridor, and Kevin Kirton (Case No. 21-20262-AHS)
2. United States v. Raul Mauricio Gonzalez (Case No. 21-20423-CR-MGC)
3. United States v. Lorin George Saunders (Case No. 22-20106-CR-RKA)
4. United States v. Johnny Phillus and Latoya Stanley (Case No. 21-20067-CR-MGC)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  Herbert Emile

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

18 U.S.C. § 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** The greater of $250,000 or twice the gross loss or gain

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

## BOND RECOMMENDATION

DEFENDANT: Herbert Emile _____

$250,000 PSB _____

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Brooke Watson

Last Known Address: [redacted]

_____

What Facility: _____

_____

Agent(s):       David Brant FDIC-OIG _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America v. | ) | |
|---|---|---|
| | ) | Case No. |
| HERBERT EMILE, | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*


_____
*Judge's signature*

_____
*Judge's printed name and title*